**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

          Plaintiff,

   v.

Robert Ellis Hastings,

          Defendant.

Crim. No. 11-25 (1) (RHK/FLN)

**MEMORANDUM OPINION
AND ORDER**

---

This matter is presently before the Court on Defendant's Motion for appointment of counsel. (Doc. No. 86.) Defendant is asking the Court to appoint an attorney to help him challenge his criminal conviction in this case, and his resulting prison sentence. He has already challenged his conviction and sentence (unsuccessfully) in a direct appeal to the Eighth Circuit Court of Appeals, (United States v. Hastings, 685 F.3d 724 (8th Cir. 2012), cert. denied, 133 S.Ct. 958 (2013)), and he is now contemplating a post-conviction motion brought under 28 U.S.C. § 2255. Defendant wants the Court to appoint an attorney to help him prepare, file and litigate his contemplated § 2255 motion.

A federal court can appoint counsel to represent an indigent prisoner in a § 2255 proceeding, if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). However, there is no constitutional or statutory right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). The decision as to whether counsel should be appointed in a federal post-conviction proceeding is purely discretionary. United States v. Degand, 614 F.2d 176, 178 (8th Cir. 1980); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his or

her claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, Defendant has not shown that "the interests of justice" require appointment of counsel. Defendant vaguely suggests that he needs assistance from an attorney because of "the complexity of the issues" that he intends to raise in a § 2255 motion. However, Defendant has offered no clue as to what those issues might be, nor has he offered any reason to think that any of those issues (whatever they might be) would be resolved in his favor. He also has not shown that he is unable to present those issues by himself, regardless of their alleged "complexity." Most significantly, perhaps, Defendant has made no effort to explain why those issues were not raised in his direct appeal.[1]

As a general rule, federal district courts will <u>not</u> appoint counsel to help prisoners investigate and present potential claims for post-conviction relief. See United States v. Hessman, No. C02-3038-LRR (N.D.Iowa 2008), 2008 WL 656507 at *1 ("Generally, the court will not appoint an attorney until an action is filed; the court does not appoint attorneys to assist inmates with investigating or commencing an action.").[2] The Court finds no reason to deviate from this rule here.

---

[1] Normally, of course, a federal prisoner cannot seek relief under 28 U.S.C. § 2255 based on claims that were raised, <u>or could have been raised</u>, in a direct appeal. Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), <u>cert</u>. <u>denied</u>, 507 U.S. 945 (1993). See also United States v. Frady, 456 U.S. 152, 165 (1982) (the Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal").

[2] In United States v. Howard, No. CR-F-04-5234 OWW, (E.D.Cal. 2008), 2008 WL 2489854 at *1, <u>appeal dismissed</u>, 361 F. App'x 837 (9th Cir. 2010) (unpublished opinion), the Court explained that:

"Unless and until [a prisoner] files a timely motion to vacate, set aside or correct

Thus, the Court will not appoint an attorney to help Defendant explore and develop potential legal grounds for challenging his conviction or sentence in a § 2255 post-conviction motion, (or by any other means).[3]

Defendant's Motion also indicates that he wants to "conduct discovery." Rule 6 of the "Rules Governing Section 2255 Proceedings For The United States District Courts" provides that federal district courts can authorize parties to "conduct discovery" in connection with pending § 2255 motions. However, that Rule appears to apply only when a § 2255 motion actually has been filed. Nothing in Rule 6 suggests that discovery is available to facilitate the preparation of a yet-to-be-filed § 2255 motion. Furthermore, Rule 6 provides that discovery should be allowed only "for good cause," and Defendant has not shown good cause to compel any discovery.

In addition, Rule 6 specifically states that:

> "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." (Rule 6(b).)

Defendant has not identified what he is seeking to discover, and he has made no effort to explain why he thinks he needs whatever it is that he might be seeking to discover. He has not

---

sentence pursuant to 28 U.S.C. § 2255, it cannot be determined whether, in the interests of justice, the appointment of counsel and/or the provision of funds to obtain investigatory or expert assistance, is required. [A prisoner] has no statutory or constitutional right to these funds in the absence of [a] timely Section 2255 motion asserting the claims upon which he seeks relief."

[3] If Defendant ever does file a § 2255 post-conviction motion, he can then renew his request for appointment of counsel. Defendant should recognize, however, that such requests are rarely granted in § 2255 proceedings, (unless an evidentiary hearing is required), and he should not count on having the assistance of counsel if he does hereafter file a § 2255 motion.

presented any proposed interrogatories or requests for admission, and he has not identified any specific documents that he is seeking.

Therefore, even if Rule 6 of the Governing Rules were applicable when no § 2255 motion has been filed, Defendant's current request for discovery would be denied, because he has not come close to satisfying the "good cause" requirement, or the "reasons for the request" requirement, that are prescribed by the Rule.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant's Motion for appointment of counsel and discovery (Doc. No. 86) is **DENIED**.

Dated: June 13, 2013

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge