**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br>     v.<br><br>Robert Ellis Hastings,<br><br>            Defendant. | Crim. No. 11-25 (1) (RHK/FLN)<br><br>**MEMORANDUM OPINION<br>and ORDER** |

This matter is before the Court on Defendant's self-styled submission entitled "Motion Requesting Plea Transcripts and List of Government Wittness [sic] that Testified at Motion Hearing." (Docket No. 99).  Defendant is seeking free copies of various transcripts and other court records, which he wants to use in connection with an appeal that he is contemplating.[1]  However, Defendant has not shown any sustainable reason to grant him the free transcripts and court records he is seeking.  Therefore, Defendant's motion will be DENIED.

Defendant claims that he indigent, but he has not filed an application seeking leave to proceed in forma pauperis, ("IFP"), and he has not otherwise substantiated his claim of indigence.  Nevertheless, the Court notes that Defendant previously was found to be eligible for appointment of counsel, and it will therefore be assumed, for now, that he is indeed indigent.  It does not follow, however, that Defendant is automatically entitled to any free copies of transcripts or other court

---

[1] The Court recently denied Defendant's motion for relief under 28 U.S.C. § 2255.  (See Order dated April 21, 2014, [Docket No. 97].)  To date, however, Defendant has not actually filed an appeal in connection with his § 2255 motion.  Furthermore, as of now, the Court's ruling on Defendant's § 2255 motion is not reviewable on appeal, because the Court declined to grant him a Certificate of Appealability.  See 28 U.S.C. § 2253(c)(1) ("[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – ... (B) the final order in a proceeding under section 2255").

records.  When a litigant has been granted IFP status, 28 U.S.C. § 1915(c) authorizes federal courts to --

> "direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, <u>if such printing is required by the appellate court</u>...."  (Emphasis added.)

However, this statute does not apply here, because Defendant has not shown that the Court of Appeals has required him to produce any part of the record for an appeal.  Moreover, even if this statute were applicable, it would not support Defendant's request for transcripts for <u>his own personal use</u>, because the statute is intended to aid the Court of Appeals, not individual litigants.  See <u>Schwartz v. Interpol, Office of Information and Privacy</u>, Nos. 94-411, 94-4142 (10th Cir.) 1995 WL 94664 (unpublished opinion) *2 ("[a]lthough this statute thus relieves the litigant of the cost of preparing the record on appeal, it does not grant the court the authority to provide an indigent litigant with certified copies of all documents in the record"), <u>cert</u>. <u>denied</u>, 515 U.S. 1146 (1995); <u>see also</u> <u>Douglas v. Green</u>, 327 F.2d 661, 662 (6th Cir. 1964) (<u>per curiam</u>) ("[t]he statutory right to proceed in forma pauperis... does not include the right to obtain copies of court orders without payment therefor"); <u>Hullom v. Kent</u>, 262 F.2d 862, 863 (6th Cir. 1959) (<u>per curiam</u>) (same).

28 U.S.C. § 753(f) authorizes federal courts to provide indigent litigants with free transcripts under certain circumstances.  The relevant portion of this statute provides that –

> "Fees for transcripts furnished in other proceedings to persons permitted to appeal <u>in forma pauperis</u> shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

Section 753(f) authorizes a court to provide free transcripts only if the party requesting the transcripts demonstrates that some specific transcript is necessary to resolve a "substantial question."  There must be a persuasive showing of a "particular need" for some specific transcript(s) for some

2

critical and well substantiated purpose. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126 (1985). See also Norton v. Dimazana, 122 F.3d 286, 289 (5th Cir. 1997) ("[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal"); Nolt v. Strausser, 761 F.Supp. 18, 19 (E.D.Pa. 1990) (on a motion for free transcripts pursuant to § 753(f), "the Defendant must demonstrate that the requested trial transcript is required for proper appellate review"). "Conclusory allegations in support of a request for free transcripts do not satisfy these requirements." Amadasu v. Mercy Franciscan Hosp., 515 F.3d 528, 530 (6th Cir. 2008). See also Douglas, 327 F.2d at 662 ("[i]n the absence of a more specific statement of what papers he seeks copies of, and a showing of the need for such copies, the motion [for free copies of court records] is denied").

In this case, Defendant cannot be granted free transcripts under § 753(f), because he has not shown that he needs any particular transcript(s) for any specific, non-frivolous purpose. Defendant simply contends that he wants some unidentified transcripts so he pursue an appeal that he apparently is contemplating. If this type of vague assertion were sufficient, then any indigent litigant could obtain free copies of any transcript just by asking. That is not what § 753(f) provides. Because Defendant has failed to show that he needs any specific transcript for any specific and legitimate purpose, he cannot be provided free transcripts pursuant to § 753(f).

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Defendant's "Motion Requesting Plea Transcripts and List of Government Wittness [sic] that Testified at Motion Hearing," (Docket No. 99), is DENIED.

Dated: May 9, 2014                                              s/ Richard H. Kyle
                                                                RICHARD H. KYLE
                                                                United States District Judge

3