UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 11-cr-00025 (ECT) |
| Plaintiff, | |
| v. | |
| | **OPINION AND ORDER** |
| Robert Ellis Hastings, | |
| Defendant. | |

Defendant Robert Hastings has filed a renewed *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 124.  Hastings's earlier motion, filed on April 27, 2020, was denied because he failed to exhaust administrative remedies.  ECF No. 123.  Hastings has since exhausted his administrative remedies by submitting a request for compassionate release to the prison warden and waiting more than thirty days without a response.  ECF No. 124 at 2; ECF No. 124-1 at 5.  Thus, his motion is now ripe for review.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

In 2011, Hastings pled guilty to being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and was sentenced to a prison term of 180 months.  ECF No. 54.  He is currently confined in FCI Fort Dix at Joint Base MDL, New Jersey, and has a projected release date of July 22, 2023.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited August 13, 2020).  Hastings requests a reduction of his prison sentence to time already served and to begin serving his five-year term of supervised release immediately.  ECF No. 124 at 2.

Under 18 U.S.C. § 3582(c)(1)(A), a court may grant compassionate release and reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—[] extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement concerning prison sentence reductions under 18 U.S.C. § 3582(c)(1)(A) lists several examples of extraordinary and compelling reasons that justify a sentence reduction, including a defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In particular, a defendant's medical condition presents an "extraordinary and compelling" circumstance if the defendant is (1) "suffering from a terminal illness" or (2) "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A). The Sentencing Commission's policy statement also includes a catch-all provision allowing for the consideration of reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D). Defendants requesting passionate release due to COVID-19 have been required to show both a "particularized susceptibility" to the virus and "a particularized risk of contracting the disease at his prison facility." *See United States v. Robinson*, 17-cr-318 (SRN), 2020 WL 4463363, at *5 (D. Minn. Aug. 4, 2020); *United States v. Miland*, No. 16-cr-0159 (WMW),

2

2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting *United States v. Feiling*, No. 3:19cr112, 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases)). A defendant bears the burden of showing he is entitled to a reduced term of imprisonment. *United States v. Mork*, No. 17-cr-176 (SRN), 2020 WL 3026647, at *3 (D. Minn. June 5, 2020).

Hastings advances two grounds for his motion. First, Hastings claims that, should he contract COVID-19, he is at heightened risk for serious complications due to neuropathy and chronic pain, products of a cervical spine injury he suffered in 2008. ECF No. 124 at 3; ECF No. 124-1 at 9. Hastings neither furnishes nor cites to evidence or authorities supporting this assertion. Though there is uncertainty surrounding the virus, authorities seem to identify no heightened risks associated with neuropathy, chronic pain, or similar conditions. *See, e.g.*, Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions*, Coronavirus Disease 2019: People at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). Hastings's Bureau of Prisons medical records identify no other health conditions posing heightened or severe risk. ECF No. 124-1 at 14–23. Nor has Hastings alleged any particularized risk of contracting COVID-19 due to conditions at FCI Fort Dix.[1]

---

[1]  As of this writing, the Bureau of Prisons reports zero confirmed active cases among inmates at FCI Fort Dix. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited August 14, 2020).

3

Second, Hastings requests compassionate release due to the "incapacitation of the caregiver" of his son ("JG"). ECF No. 124 at 2. Relevant to this request, the Sentencing Commission's policy statement provides that "extraordinary and compelling reasons" for sentence reduction include:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; or
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 cmt. n.1(C). The policy statement further permits the consideration of extraordinary and compelling reasons "other than, or in combination with" these categories. § 1B1.13 cmt. n.1(D). Hastings's request does not meet this policy statement. Hastings, it turns out, does not really claim that his son's caregiver is incapacitated. Instead, Hastings claims that, due to "past abuse" from an adult caregiver, JG has fled home and "will not turn himself in to . . . social workers because he does not trust them." ECF No. 124 at 8–9. Hastings further states that, were he released, JG would "turn himself in." *Id.* at 9. Hastings's allegation of abuse is troubling (as such allegations almost always are), but it also is not specific. Though there is no reason to doubt the sincerity of Hastings's concerns, accepting the conclusion that his release would prompt JG's return is speculative. If that weren't so, the circumstances Hastings describes are not extraordinary or compelling to justify a sentence reduction. Finally, Hastings has not attempted to demonstrate that he poses no risk of danger to the community if released. *See* U.S.S.G. § 1B1.13(2) (requiring

the court to find "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)").

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS ORDERED THAT** Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 124] is **DENIED** without prejudice.

Dated:  August 21, 2020                         s/ Eric C. Tostrud
                                                Eric C. Tostrud
                                                United States District Court