UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 11-cr-025 (ECT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Robert Ellis Hastings, | |
| Defendant. | |

Defendant Robert Ellis Hastings asks the Court to reconsider its denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] ECF Nos. 132, 133, 135, 136. To recap, Hastings pleaded guilty in 2011 to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and was sentenced as an armed career criminal to a prison term of 180 months. ECF No. 54. Hastings is confined in FCI Fort Dix, and his projected release date is July 22, 2023. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited February 9, 2021).

---

[1] Hastings does not state whether he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1). Hastings did, however, properly exhaust his remedies before filing his original compassionate release motion. *See* ECF No. 126 at 1. The Government has not filed a response challenging the propriety of the instant motion. Hastings's motion will be construed as one to reconsider under Local Rule 7.1(j), *United States v. Johnson*, No. 16-cr-0193 (WMW/BRT), 2021 WL 424675, at *1 (D. Minn. Feb. 8, 2021), and Hastings will not be required to re-exhaust his administrative remedies, *see United States v. Brown*, __ F. Supp. 3d __, No. 6:13-CR-06006 EAW, 2021 WL 29168, at *1–3 (W.D.N.Y. Jan. 5, 2021); *United States v. Daugerdas*, No. 09cr581, 2020 WL 4931988, at *1 n.1 (S.D.N.Y. Aug. 18, 2020).

In June 2020, Hastings filed a *pro se* motion for compassionate release. ECF No. 124. In that motion, Hastings sought a reduction of his prison sentence to time served and to begin serving his five-year term of supervised release. *Id.* at 2. Hastings offered two grounds for a reduced sentence. First, he claimed that neuropathy and chronic pain placed him at severe risk for developing serious complications if he contracted COVID-19. *Id.* at 3. Second, Hastings claimed that his teenage son had fled an abusive caregiver and would not turn himself in to social workers unless Hastings was released. *Id.* at 8–9.

Hastings's motion for compassionate release was denied without prejudice. ECF No. 126 at 5. First, available authorities did not support Hastings's claim that neuropathy and chronic pain increased his risk of developing severe complications from COVID-19. *Id.* at 3. "Nor ha[d] Hastings alleged any particularized risk of contracting COVID-19 due to conditions at FCI Fort Dix," where there were zero confirmed active cases reported among inmates. *Id.* Second, Hastings's concerns over his teenage son, though troubling, did not concern the "death or incapacitation of [his] caregiver" under U.S.S.G. § 1B1.13 cmt. n.1(C) and were not otherwise an extraordinary or compelling reason for a reduced sentence. *Id.* at 4. Finally, even if Hastings could show extraordinary and compelling reasons, he had not shown that he posed no risk of danger to the community if released, as required by U.S.S.G. § 1B1.13(2). *Id.* at 4–5. Hastings appealed the decision, and the Eighth Circuit summarily affirmed. ECF Nos. 127, 130, 131.

Under Local Rule 7(j), a party must obtain the court's permission to file a motion to reconsider by showing "compelling circumstances." Hastings did not seek court permission before filing his motion to reconsider. As compelling circumstances, Hastings

2

points to an alarming COVID-19 outbreak at FCI Fort Dix, where the BOP reported as many as 789 active cases among inmates in early January. ECF No. 133 at 1–2; *see also United States v. Werlein*, No. 10-cr-59 (DWF/FLN), 2021 WL 101131, at *1 (D. Minn. Jan. 12, 2021). Conditions have improved in Fort Dix, though not dramatically. There are now 210 confirmed active cases reported among inmates and 36 confirmed active cases among staff. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited February 9, 2021). Excusing Hastings's noncompliance with Local Rule 7(j), and assuming without deciding that the COVID-19 outbreak inside of FCI Fort Dix constitutes a compelling circumstance under that rule, Hastings's motion for compassionate release still falls short, and for much the same reasons it did before.

First, Hastings has still shown no "particularized susceptibility" to the virus. *United States v. Ocanas*, __ F. Supp. 3d __, No. 15-cr-0083 (WMW/JSM), 2021 WL 330535, at *2 (D. Minn. Feb. 2, 2021). On this point, Hastings challenges the conclusion that neuropathy has not been deemed to pose a risk of severe complications from COVID-19. In Hastings's view, neuropathy is a "neurologic condition[]" that could do just that. ECF No. 132 at 2. The Centers for Disease Control and Prevention ("CDC") has said that "[h]aving neurologic conditions such as dementia might increase [the] risk of severe illness from COVID-19." Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions, Coronavirus Disease 2019: People at Increased Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021). The CDC has not identified

3

neuropathy as a condition that increases the risk of severe illness, and neuropathy seems different than dementia, a cognitive disease.[2]  Hastings has not furnished evidence of, and still no other medical authorities "seem to identify[,] . . . heightened risks associated with neuropathy, chronic pain, or similar conditions."  ECF No. 126 at 3.  Hastings has not shown that contracting COVID-19 would somehow transform neuropathy into a condition that "substantially diminishes [his] ability . . . to provide self-care within [FCI Fort Dix]" and from which he would "not [be] expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).

Hastings also claims his "history of smoking" makes him particularly susceptible to the virus.  ECF No. 132 at 2.  Medical authorities do believe that "[b]eing a current or former cigarette smoker increases . . . risk of severe illness from COVID-19."  Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions, Coronavirus Disease 2019: People at Increased Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#smoking (last updated Feb. 3, 2021).  Yet, as evidence of his own history of smoking, Hastings has submitted only (1) a property inventory sheet that shows he possessed six cigarettes in 2010 and (2) a 2020 BOP incident report reflecting his possession of "what appeared to be a rolled up cigarette."  ECF No. 132-1 at 6–7.  Hastings has not furnished medical records documenting his smoking history or lung damage, and

---

[2]     Neuropathy, or peripheral neuropathy, is the "damage, disease, or dysfunction of one or more nerves[,] especially of the peripheral nervous system[,] that is typically marked by burning or shooting pain, numbness, tingling, or muscle weakness or atrophy . . . ."  *See Neuropathy*, Merriam-Webster, https://www.merriam-webster.com/dictionary/neuropathy#medicalDictionary (last visited Feb. 9, 2021).

4

he does not claim to have a respiratory ailment. Courts consistently recognize that "smoking by itself—especially with no supporting evidence that the history of smoking has caused significant health ailments—may not be an appropriate ground justifying compassionate release." *United States v. Khacho*, No. 1:16-cr-00074-NONE, 2020 WL 7024216, at *5 (E.D. Cal. Nov. 30, 2020); *see, e.g.*, *United States v. Libby*, No. 15-cr-182 (DWF/LIB), 2021 WL 254407, at *4 n.8 (D. Minn. Jan. 26, 2021); *United States v. Batista*, No. 18-CR-319-LTS, 2020 WL 6132239, at *3–5 (S.D.N.Y. Oct. 19, 2020); *United States v. Bush*, No. 1:18-cr-00907-PAC, 2021 WL 199618, at *1 (S.D.N.Y. Jan. 20, 2021) (collecting cases). Hastings has not shown that his history of smoking, viewed alone or in light of the risks posed by COVID-19, is an extraordinary and compelling reason that justifies a reduced sentence. *Cf. United States v. Heisler*, No. 18-CR-0115 (PJS/LIB), 2020 WL 6708244, at *2 (D. Minn. Nov. 16, 2020) (finding extraordinary and compelling reasons where defendant smoked for "more than 20 years"; had a documented form of blood cancer, obesity, breathing abnormalities, and high blood pressure; and was taking immunosuppressants for chronic obstructive pulmonary disease).

Finally, a sentencing reduction would not be consistent with the Sentencing Commission's policy statement or the relevant sentencing factors. *See* 18 U.S.C. § 3553(a). Most critically, Hastings has not shown that he poses no risk of danger to the

community if released, as required by U.S.S.G. § 1B1.13(2). Hastings's criminal history is substantial and includes several convictions for high-lethality offenses.[3]

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion for Reconsideration of August 21, 2020 Order Denying Compassionate Release [ECF Nos. 132, 133, 135, 136] is **DENIED** without prejudice.

Date: February 9, 2021        s/ Eric C. Tostrud
                              Eric C. Tostrud
                              United States District Court

---

[3] Hastings's motion will be denied insofar as it requests he be placed in a halfway house or on home confinement, as the Bureau of Prisons has sole authority over placement decisions. *See* 18 U.S.C. §§ 3621(b), 3624(c); *United States v. Geddes*, No. 14-cr-394 (DWF/LIB), 2021 WL 131233, at *2–3 (D. Minn. Jan. 14, 2021) (collecting cases).